Argued and submitted September 12, reversed November 5, 1979

DeLASHMUTT, et ux,
*Respondents,*
*v.*
KELLER, et ux,
*Appellants.*

(No. 77-12-284, CA 13496)

602 P2d 312

Henry L. Bauer, Portland, argued the cause for appellants. With him on the briefs was Bauer, Murphy & Fundingsland, Portland.

Francis I. Smith, Portland, argued the cause for respondents. With him on the brief was Smith and Smith, Portland.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Defendants appeal from a decree ordering them to specifically perform an option to purchase real property.

In the last week of July, 1976, the parties entered into an agreement, without benefit of attorneys, that gave plaintiffs an option to purchase a small parcel of real property in Clackamas County. During the winter months of 1976-77, plaintiffs had possession of (but did not reside on) the property, moved a house trailer there and constructed a pole building to house supplies and animals.

The second paragraph of the agreement provided that the plaintiffs could exercise the option on or before April 1, 1977, by paying $4,000 down and $1,000 representing rent for the occupancy during the option period.[1] The eighth paragraph said:

> "In the event purchasers have not exercised option by April 1, 1977, purchasers may have an additional five month option at a lease rate of $200.00 per month and deliver security to sellers in the form of second mortgage on purchasers home for the amount of down payment of $4000.00 plus $1000.00 for a lease for a total of $5000.00 and to be rendered within 30 days of closing sale or [*sic*] purchasers home."

The interpretation of that paragraph is the essence of this litigation.

Plaintiffs did not make any tender on or prior to April 1. On August 24, after receiving a letter from defendants' attorney apparently attempting to termi-

---

[1] The second paragraph provided in pertinent part:

"At the time the purchasers exercise their option to purchase the property they will pay sellers $4,000 earnest money on or before April 1, 1977, provided, however, if purchasers sell their home prior to April 1, 1977, then payment shall be due 30 days from the date of closing date of sale of their home. At exercising of option an additional $1,000.00 is to be given to sellers and to be considered lease money pertaining to the time in occupancy of said property ***."

nate the option agreement,[2] plaintiffs tendered $5,000. The tender was rejected, but the record does not disclose the reason given at the time. Plaintiffs brought this action to compel specific performance, and they paid the $5,000 into court. The judge made a decree for specific performance and ordered the $5,000 disbursed to defendants as the tender required under the agreement.

Plaintiffs maintain that $4,000 as the down payment and $1,000 as a total lease amount for the whole period of occupancy was a sufficient tender. That is the dispositive issue.

We conclude that plaintiffs did owe rent separately for the period both before and after April 1. On cross-examination, one of the plaintiffs admitted that if he had made tender on April 1, he would have included $1,000 for the time plaintiffs had occupied the property up to April 1. He also admitted that the $200 per month mentioned in the eighth paragraph of the agreement (which he drafted) was a provision to pay for the extra five months beyond April 1. Although the agreement is inexpertly drawn, and some of the testimony of the parties is conflicting and confused, we are persuaded that the two references to $1,000 represent different rental obligations for the periods of possession before and after April 1, 1977.

There is no evidence that plaintiffs ever tendered or offered to tender $6,000, the full amount of their obligation. One requirement for a valid tender is that it be for the full amount of the liability. *Bembridge v. Miller*, 235 Or 396, 403, 385 P2d 172 (1963). The tender made by plaintiffs was insufficient, and plaintiffs did not effectively exercise the option.

Reversed.

---

[2] Defendants did not offer the letter into evidence. In any event the sellers would not have been free to withdraw an otherwise enforceable option prior to its expiration without the consent of the buyers. *Thompson v. Parke*, 40 Or App 359, 364, 595 P2d 499 (1979).